UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEITH BREWER, #168208                                  CIVIL ACTION

VERSUS                                                 NO. 23-5214

TIM HOOPER AND                                         SECTION: "B"(4)
ATTORNEY GENERAL OF
THE STATE OF LOUISIANA

### ORDER

Petitioner, Keith Brewer, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his 2007 state criminal judgment for aggravated burglary of an inhabited dwelling.

A review of this Court's records reflects that Petitioner filed a prior petition for writ of habeas corpus related to that same state criminal judgment. That petition was dismissed with prejudice as untimely. *Brewer v. Cain*, Civ. Action No. 12-2814, 2014 WL 7392408 (E.D. La. Dec. 23, 2014). The United States Fifth Circuit Court of Appeals thereafter dismissed his related appeal as untimely. *Brewer v. Cain*, No. 15-30170 (5th Cir. May 28, 2015).

In 2017, Petitioner filed another petition for writ of habeas corpus related to the same state criminal judgment. The Court therefore construed that petition in part as a motion for authorization for the District Court to consider the second or successive claims raised therein and transferred it to the United

1

States Fifth Circuit Court of Appeals.  *Brewer v. Vannoy*, Civ. Action No. 17-7681 (E.D. La. Sept. 12, 2017).  The Court of Appeals denied authorization.  *In re Brewer*, No. 17-30752 (5th Cir. Nov. 21, 2017).

Petitioner then filed another such motion directly with the United States Fifth Circuit Court of Appeals.  That motion was later dismissed because he failed to comply with a court notice. *In re Brewer*, No. 17-30985 (5th Cir. Jan. 29, 2018).

In 2020, Petitioner filed yet another such motion directly with the United States Fifth Circuit Court of Appeals.  That motion was also dismissed because, once again, he failed to comply with a court notice.  *In re Brewer*, No. 20-30788 (5th Cir. Feb. 17, 2021).

Most recently, earlier this year, Petitioner filed a petition for writ of habeas corpus on an application form intended for use by inmates seeking relief pursuant to 28 U.S.C. § 2241.  However, because that application was in fact a disguised successive § 2254 petition, it was construed in part as a motion for authorization for the District Court to consider the second or successive § 2254 claims raised therein and transferred to the United States Fifth Circuit Court of Appeals.  *Brewer v. Hooper*, Civ. Action No. 23-2092 (E.D. La. June 20, 2023).  The Court of Appeals then similarly

dismissed that motion because Petitioner failed to comply with a court notice. *In re Brewer*, No. 23-30403 (5th Cir. Aug. 18, 2023).

The petition presently before the Court is likewise a second or successive petition as described in 28 U.S.C. § 2244. Accordingly, in order to overcome the prohibition against the filing of a second or successive claim under that section, Petitioner must establish one of the following exceptions:

> 1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or
>
> 2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, Petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28

U.S.C. § 2244(b)(3)(A). Until such time as he obtains said authorization, this Court is without jurisdiction to proceed.

Accordingly,

**IT IS ORDERED** that Keith Brewer's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this 15th day of September, 2023.

_____
SENIOR UNITED STATES DISTRICT JUDGE